IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **VIRGIL BALTZELL,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:14-CV-2831-L** |
| | § | |
| **JEFFREY SCOTT ARNOLD,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Remand, filed September 5, 2014.  After careful consideration of the motion and brief, amended responses, reply, record, and applicable law, the court **grants** Plaintiff's Motion to Remand.*

## I.      Background

Virgil Baltzell ("Plaintiff" or "Baltzell"), originally filed this action on September 5, 2013, in the 134th Judicial District Court of Dallas County, Texas, against Home Depot U.S.A. Inc. ("Home Depot") and Jeffrey Scott Arnold ("Arnold").  In Plaintiff's Original Petition, Baltzell contends that Home Depot discriminated against him because of his age and disability, and retaliated against him for filing a workers' compensation claim.  Baltzell also contends that Arnold, a customer of Home Depot, physically assaulted him.  In Plaintiff's First Amended Original Petition ("Amended Petition"), filed June 6, 2014, Baltzell added a claim of negligence against

---

*        On January 12, 2015, the court dismissed with prejudice this action and all claims asserted by Plaintiff Virgil Baltzell against Home Depot U.S.A., Inc. ("Home Depot").  Home Depot is therefore no longer a party to this action.  Insofar as Home Depot is concerned, this opinion is academic; however, as there is a pending motion to remand, the court must dispose of it.

**Memorandum Opinion and Order – Page 1**

Home Depot.  On August 5, 2014, the state district court granted Home Depot a summary judgment on the workers' compensation retaliation claim because Home Depot is a nonsubscriber to workers' compensation insurance in Texas.

On August 7, 2014, Home Depot removed this action to federal court on grounds that complete diversity of citizenship exists between the parties and that the amount in controversy, exclusive of interest and costs, exceeds $75,000.  Home Depot is a citizen of Delaware and Georgia.  Although Baltzell and Arnold are both citizens of Texas, Home Depot contends that Arnold's citizenship should be disregarded in determining diversity because he was improperly joined to defeat the court's diversity jurisdiction.  Home Depot also asserts that there is no reasonable basis for the court to predict that Plaintiff might be able to recover against Arnold, the in-state or nondiverse defendant, because Plaintiff's common law assault claim is barred as a matter of law by the two-year statute of limitations.  With respect to the statute of limitations, Home Depot contends that Arnold has not been served and that Plaintiff has not been diligent in his attempts to effect service on Arnold.

Baltzell counters that it is improper for the court to determine fraudulent joinder based upon a statute of limitations defense, that there is no complete diversity between the parties, because Arnold was not improperly joined, and that removal is improper because Baltzell asserted a claim under the workers' compensation laws of the State of Texas.

## II.     Improper Joinder Standard

A party seeking to remove an action to federal court on the basis of fraudulent or improper joinder bears a heavy burden.  *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc).  In *Smallwood*, the court "adopt[ed] the term 'improper joinder' as being more consistent with the statutory language than the term 'fraudulent joinder,' which has been used in

**Memorandum Opinion and Order – Page 2**

the past.  Although there is no substantive difference between the two terms, 'improper joinder' is

preferred." *Id*. at 571 n.1.  Accordingly, the court uses the term "improper joinder" in this opinion.

As the party wishing to invoke federal jurisdiction by alleging improper joinder, Home Depot has

the burden to establish that Arnold was joined by Baltzell to defeat federal jurisdiction. *Id*. at 575.

The court is to resolve "any doubt as to the propriety of removal" in favor of remand. *Gutierrez*

*v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (citation and quotation marks omitted).

Unless Congress expressly provides otherwise, a defendant may remove a state court civil

action to a federal district court if the district court has original jurisdiction over the action.  28

U.S.C. § 1441(a).  A federal court has original jurisdiction over civil actions in which there is

diversity of citizenship between the parties and the amount in controversy exceeds $75,000,

exclusive of interest and costs.  28 U.S.C. § 1332(a).  Otherwise stated, the statute requires

complete diversity of citizenship; that is, a district court cannot exercise subject matter jurisdiction

if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*,

355 F.3d 853, 857 (5th Cir. 2003) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)).

In considering citizenship, however, the court considers only the citizenship of real and substantial

parties to the litigation; it does not take into account nominal or formal parties that have no real

interest in the litigation. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980).  The citizenship

of a party that is improperly joined must be disregarded in determining whether diversity of

citizenship exists. *Johnson v. Heublein*, 227 F.3d 236, 240 (5th Cir. 2000).

To establish improper joinder, Home Depot must prove: "(1) actual fraud in the pleading

of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-

diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v.*

*State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)).  Since Home Depot does not assert fraud

on the part of Baltzell, the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573 (citing *Travis*, 326 F.3d at 648).

In addressing this issue, the district court must determine whether a plaintiff has "any possibility of recovery against the party whose joinder is questioned." *Travis*, 326 F.3d at 648 (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). "If there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved, then there is no [improper] joinder." *Great Plains Trust*, 313 F.3d at 312 (internal quotations and citations omitted). "This possibility, however, must be reasonable, not merely theoretical." *Id.* If there is a reasonable possibility that a plaintiff can recover on any of his or her claims, there is no improper joinder, and the case must be remanded. *Smallwood*, 385 F.3d at 575. In making this determination regarding improper joinder, a court does not "decide whether the plaintiff will actually or even probably prevail on the merits, but look[s] only for a [reasonable] possibility that [the plaintiff] may do so." *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir. 1992) (citations omitted). To determine whether a party was improperly joined, the court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). On the other hand, if there is no reasonable possibility for predicting liability against the nondiverse defendant, improper joinder exists, and the action remains in federal court.

**Memorandum Opinion and Order – Page 4**

In deciding the question of improper joinder, the court may either (1) "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether [it] states a claim under state law against the in-state defendant"; or (2) in limited circumstances, conduct a summary inquiry "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573-74. "When a defendant seeks to remove a case, the question of whether jurisdiction exists is resolved by looking at the complaint at the time the [notice of] removal is filed." *Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990). A court may not look to postremoval filings or pleadings to determine the issue of improper joinder. *Griggs v. State Farm Lloyds*, 181 F.3d at 700 (citation omitted). Limiting the determination of questions regarding removal jurisdiction to the claims set forth in the state pleadings at the time of removal ensures finality and early resolution of the jurisdictional issue, both of which reduce expense and delay to the parties and court. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

## III.   Discussion

### A.   Plaintiff's State Law Claim of Assault

Baltzell makes the following allegations against Arnold in the Amended Petition:

> Plaintiff was a loyal and competent employee of Defendant Home Depot for eight years. On December 26, 2011, Defendant, Jeffrey Scott Arnold, apparently under the influence of illicit drugs and/or alcohol went berserk in Home Depot. Plaintiff followed Defendant Arnold to the parking lot to get his license plate number to relay it to law enforcement authorities to protect customers and members of the general public. Defendant Arnold charged Plaintiff causing physical injury to Plaintiff including breaking Plaintiff's nose, lacerations on face, and floaters in eye and broken bone in the fifth vertebrae. Plaintiff has a permanent back injury that disables him. Plaintiff filed a worker's [sic] compensation claim with Defendant Home Depot.

Pl.'s First Am. Pet. 2, § 4.   An assault occurs when a person "intentionally, knowingly, or recklessly causes bodily injury to another"; or when a person "intentionally or knowingly causes physical contact with another when he or she knows or should reasonably believe that the other will regard the contact as offensive or provocative." *The City of Watauga v. Gordon*, 434 S.W.3d 586, 590 (Tex. 2014) (quoting Tex. Penal Code § 22.01(a)(1),(3)).   A plain reading of the allegations of this part of the Amended Petition clearly establishes that Arnold's conduct meets the elements of an assault under Texas law.   Accordingly, the court concludes that a reasonable basis exists to predict that Baltzell could recover against Arnold on his state law claim of assault. This, however, is not the end of the story because Home Depot has raised the defense of limitations.

B.      Statute of Limitations

Home Depot contends that Plaintiff's state law claim of assault is barred as a matter of law by the two-year statute of limitations.   There is no question that the statute of limitations for a personal injury claim is two years.   Tex. Civ. Prac. & Rem. Code § 16.003(a) (A suit for personal injury and certain other claims must be brought "not later than two years after the day the cause of action accrues.").   Plaintiff's cause of action occurred on December 26, 2011, when he was assaulted and injured by Arnold.   He brought suit in state court on September 17, 2013, well within the two-year statute of limitations.   Home Depot, however, contends that the claim is barred as a matter of law because Baltzell has not diligently attempted to effect service on Arnold.   A defense of limitations is a defense that must be affirmatively set forth by the party asserting it.   Fed. R. Civ. P. 8(c)(1); Tex. R. Civ. P. 94.

The court now turns to the merits of the statute of limitations defense.   Even though Plaintiff has successfully set forth allegations upon which the district has a reasonable basis to predict that he might be able to recover against Arnold, a defendant may show improper joinder

**Memorandum Opinion and Order – Page 6**

by establishing an affirmative defense. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 753 (5th Cir. 1996). If a defendant establishes an affirmative defense, "it necessarily follows that joinder was [improper]." *Id.* "On the other hand, if there is any [reasonable] possibility that [a plaintiff] might survive [an] affirmative defense[ ]," no improper joinder exists and the case must be remanded. *Id.*

In this case, Arnold has not been served and therefore has not filed an answer to assert any affirmative defense. Moreover, the court is unaware of any legal basis that allows Home Depot to assert an affirmative defense to a claim not asserted against it. Arnold, if ever served, given the many attempts to serve him, may not file an answer, and even if he does, the court cannot say that he would necessarily assert the limitations defense. It is hornbook law that an affirmative defense may be waived by the party entitled to assert it. Further, even if Home Depot can assert the affirmative defense on the assault claim, to prevail on the defense as a matter of law, Home Depot must prove that Baltzell was not diligent in attempting to serve Arnold. This court, at this juncture, cannot make such determination, as there are too many unanswered questions regarding the affirmative defense. Accordingly, Home Depot fails to carry its heavy burden and establish that there is no reasonable basis for the court to predict that Baltzell could not prevail on his assault claim against Arnold. Accordingly, Arnold was not improperly joined to defeat diversity jurisdiction, and this court lacks subject matter jurisdiction over this action.

**IV.    Conclusion**

For the reasons herein stated, the court **concludes** that a reasonable basis exists to predict that Plaintiff might be able to recover against Arnold on his state law claim of assault, and, therefore, Arnold was not improperly joined to defeat diversity between the parties. Accordingly, the court **lacks** subject matter jurisdiction over this action, **grants** Plaintiff's Motion to Remand,

**Memorandum Opinion and Order – Page 7**

and **remands** this action to the 134th Judicial District Court of Dallas County, Texas.  *In light of the court's dismissal of Home Depot and the claims against it, the court is remanding only that portion of the action relating to Baltzell's claim of assault against Arnold.*  The clerk of court shall effect the remand in accordance with the usual procedure.

      **It is so ordered** this 27th day of January, 2015.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 8**